IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cr-114-ECM |
| | ) | [WO] |
| DAVID JOHN LONICH | ) | |

### MEMORANDUM OPINION and ORDER

Now pending before the Court is Defendant David John Lonich's ("Lonich") *pro* se motion for early termination of supervised release. (Doc. 5).   The Government opposes early termination. (Doc. 8).   Upon consideration of the motion, and for the following reasons, the motion is due to be denied without prejudice.

### BACKGROUND

In 2017, after a 31-day trial, a jury in the United States District Court for the Northern District of California convicted Lonich on multiple counts arising out of complex fraud schemes, including bank fraud, wire fraud, money laundering, conspiracy, making a false bank entry, and attempted obstruction of justice. *United States v. Lonich*, 23 F.4th 881, 888–90 (9th Cir. 2022), *overruled in part on other grounds by United States v. Lucas*, 101 F.4th 1158 (9th Cir. 2024) (en banc).   The district court sentenced Lonich to 80 months' imprisonment and ordered him to pay approximately $20 million in restitution. *Id.* at 890.   Lonich appealed, and the United States Court of Appeals for the Ninth Circuit affirmed his convictions but vacated his sentences and remanded. *Id.* at 888.   On May 4, 2023, the Northern District of California resentenced Lonich to time served and 5 years' supervised release. (Doc. 4 at 168–69).   The Court also ordered that Lonich forfeit certain

property and reserved ruling on the issue of restitution. (*Id.* at 172–73).  Lonich again appealed.   That appeal remains pending before the Ninth Circuit.   The Northern District of California deferred ruling on the issue of restitution pending resolution of the appeal. (Doc. 8-1).

On or about March 29, 2024, jurisdiction of Lonich's supervised release was transferred from the Northern District of California to this Court. (Docs. 2, 4).   On December 30, 2024, Lonich moved for early termination of supervised release. (Doc. 5). The Government, after consulting with the United States Attorney's Office in the Northern District of California, opposes early termination, and it also argues that the Court lacks jurisdiction over Lonich's motion because his appeal to the Ninth Circuit remains pending. (Doc. 8).

## DISCUSSION

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release after completion of one year thereof if the Court determines that early termination is warranted by the defendant's conduct and is in the interest of justice. *See United States v. Johnson*, 877 F.3d 993, 996 (11th Cir. 2017).   In making this determination, the Court must consider certain sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.*   These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. §§ 3553(a) and 3583(e)(1); *Johnson*, 877 F.3d at 996 n.7.

2

The Court begins with the Government's argument that the Court lacks jurisdiction over Lonich's motion for early termination because his appeal remains pending in the Ninth Circuit.   The Court acknowledges the principle that "[t]he filing of a notice of appeal normally divests the district court of jurisdiction over matters in the appeal and transfers jurisdiction over those matters to the court of appeals," *see, e.g.*, *United States v. Rogers*, 788 F.2d 1472, 1475 (11th Cir. 1986).   However, the issue presented in this case is whether Lonich's appeal to the Ninth Circuit deprives this Court of jurisdiction to terminate his term of supervised release.   While the Court's independent research failed to uncover a case from the Eleventh Circuit addressing this issue, several circuits have concluded that a district court retains jurisdiction to modify conditions of supervised release during the pendency of an appeal. *See United States v. D'Amario*, 412 F.3d 253, 255 (1st Cir. 2005) (per curiam); *United States v. Ramer*, 787 F.3d 837, 838–39 (7th Cir. 2015) (agreeing with *D'Amario*); *see also United States v. Boswell*, 109 F.4th 368, 387 (5th Cir. 2024) (citing *D'Amario* and *Ramer* with approval and acknowledging "the district court's jurisdiction to modify conditions of supervised release during the pendency of an appeal").

In *D'Amario*, the First Circuit concluded that § 3583(e)(2) grants the district court "plenary jurisdiction to supervise a convicted defendant's release, including the jurisdiction to modify the conditions of supervised release, even though an appeal from a revocation of supervised release may be pending." 412 F.3d at 255.   The court emphasized § 3583(e)(2)'s provision that "the district court 'may modify, reduce, or enlarge the conditions of supervised release, *at any time* prior to the expiration or termination of the

term of supervised release.'" *Id.* (emphasis in original).[1]  The *D'Amario* court also found that common sense supported its conclusion because "[i]f an appeal were to divest the district court of authority to supervise the conditions of the convicted defendant's release, then there would be no such supervision at all," which could not be Congress' intent. 412 F.3d at 255.

Although the Seventh Circuit in *Ramer* agreed with *D'Amario*, *see Ramer*, 787 F.3d at 838–39, one Seventh Circuit judge has expressed disagreement with *Ramer*'s holding. In his concurring opinion in *United States v. Taylor*, Judge Easterbrook opined that *Ramer* did "not consider the possibility that 'at any time' [in § 3583(e)(2)] refers to how long after a judgment a court may act, rather than which court has authority to act." 796 F.3d 788, 797 (7th Cir. 2015) (Easterbrook, J., concurring).  He explained that the United States Supreme Court "insists that jurisdictional rules be set out in jurisdictional terms" but nothing in § 3583(e)(2)'s text speaks to jurisdiction, and "[r]ules about time for action do not affect jurisdiction." *Id.* at 797–98.  He further opined that "[a]part from any questions about jurisdiction," it was "imprudent" for the district court to modify the terms of the defendant's probation[2] while the direct appeal of his sentence and conviction was pending in the Seventh Circuit because "[a]ltering a judgment that is on appeal creates the prospect

---

[1]  Like § 3583(e)(2), § 3583(e)(1) provides that the district court may "terminate a term of supervised release and discharge the defendant released *at any time* after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1) (emphasis added).  Thus, *D'Amario*'s logic would arguably apply to termination as well as modification of supervised release.

[2]  The statutory provision governing probation, § 3563(c), "says the same thing as § 3583(e)(2), so *Ramer* logically covers probation as well as supervised release." *Taylor*, 796 F.3d at 797 (Easterbrook, J., concurring).

of wasting the district judge's time, the appellate judges' time, or both." *Taylor*, 796 F.3d at 797 (Easterbrook, J., concurring).

The Court expresses no view as to which approach to the jurisdictional question is correct. Under the circumstances of this case, and for the reasons identified by Judge Easterbrook in his *Taylor* concurrence, this Court finds it would be imprudent, inefficient, and unfair to adjudicate Lonich's request to terminate supervised release on the merits at this time. The Court's independent review reveals that Lonich is challenging his five-year term of supervised release on appeal to the Ninth Circuit. *See* Brief for Appellant at 46–55, *United States v. Lonich*, Nos. 24-1678 and 24-1673 (9th Cir. Apr. 25, 2025). At the same time, Lonich is asking this Court to terminate his supervised release. Thus, Lonich is asking this Court to decide substantially the same issue as is currently before the Ninth Circuit. Moreover, Lonich filed his notice of appeal to the Ninth Circuit before he moved this Court to terminate his supervised release, and he raises other challenges to his sentence on appeal, specifically the restitution award, *see, e.g.*, *id.* at 32–46. Thus, it would be more efficient for the Ninth Circuit to address Lonich's challenges together, and it would be imprudent and unfair for this Court to step in front of the Ninth Circuit on the issue of Lonich's supervised release. Under these circumstances, the Court declines to consider the merits of Lonich's motion at this time. *Cf. Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431–32 (2007) (explaining that "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits'" and holding that a district court "may dispose of an action by a *forum non conveniens* dismissal"

5

without first consider subject matter jurisdiction "when considerations of convenience, fairness, and judicial economy so warrant" (first citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999); then citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100–01 (1998))).   For these reasons, the Court concludes that Lonich's motion for early termination is due to be denied without prejudice.

## CONCLUSION

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that Lonich's motion for early termination of supervised release (doc. 5) is DENIED without prejudice.

DONE this 19th day of May, 2025.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE